**JUDGE KAPLAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 6463**

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, and the NEW YORK CITY DISTRICT COUNCIL CARPENTERS,

13 CV ___

**COMPLAINT**



Plaintiffs,

-against-

SUKHMANY CONSTRUCTION, INC.,

Defendant.

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3); section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act, 9 U.S.C § 9, to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("CBA") between the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Sukhmany Construction, Inc. ("Employer").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 185.

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund")(together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustee of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff Union is a labor organization that represents employees in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142, and is the certified bargaining representative for certain employees of the Defendant.

7. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation is a New York not for profit corporation.

8. Upon information and belief, Defendant is a corporation incorporated under the laws of the State of New York. At relevant times, Defendant was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Defendant maintains its principal place of business at 185-06 56th Avenue Flushing, New York, 11365.

## CLAIM FOR RELIEF

9. Plaintiffs repeat the allegations set forth in paragraphs 1 through 8 above and incorporate them herein by reference.

10. At relevant times, Defendant was a party to, or manifested an intention to be bound by a CBA with the Union.

11. The CBA required Defendant, *inter alia*, to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions and for the submission of disputes to final, binding arbitration.

12. A dispute arose between the parties during the period of the CBA when the Employer refused to cooperate with the Funds' demands to furnish its books and records for the purpose of conducting an audit.

13. Pursuant to the arbitration clause in the CBA, the dispute was submitted to arbitration to Roger E. Maher, the duly designated impartial Arbitrator.

14. Thereafter, upon due notice to all parties, the Arbitrator duly held a hearing and rendered his Award, in writing, dated July 24, 2013, determining said dispute. A copy of the Award was delivered to Defendant. A copy of the Award is annexed hereto as **Exhibit "A"**.

15. The Arbitrator found that Defendant was in violation of the terms of the CBA and ordered Defendant to pay the Funds a sum of $919,754.64 consisting of: contributions of $724,412.16, interest thereon in the amount of $47,551.09, liquidated damages thereon in the amount of $144,882.43, assessments to the Promotional Fund of $558.96, court costs of $350.00, attorney's fees of $1,500.00, and the arbitrator's fee of $500.00, pursuant to the CBA, with interest to accrue at the rate of 5.25% from the date of the Award.

16. Defendant has failed to abide by the Award.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant confirming the Arbitration Award in all respects;

(2) Award judgment in favor of the Funds and against Defendant, ordering Defendant to pay the Funds a total sum of $919,754.64 with interest to accrue at the rate of 5.25% from the date of the award, pursuant to the Arbitrator's Award;

(3) Award judgment in favor of the Plaintiff's ordering Defendant to pay all attorneys' fees and costs of this action; and

(4) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
September 13, 2013

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____  
Charles R. Virginia  
Richard Epstein  
Trinity Centre  
111 Broadway, Suite 1403  
New York, New York 10006  
(212) 943-9080  

*Attorneys for Plaintiffs*

Exhibit A

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR

------------------------------------------------------------------x
**In the matter of the Arbitration between:**
The New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, By Michael Bilello and David T. Meberg as Co-Chairmen of the Board of Trustees, The New York and Vicinity Carpenters Labor Management Corporation, and Michael Bilello, as Executive Secretary Treasurer of the District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America

Petitioners,

**AMENDED OPINION AND DEFAULT AWARD OF ARBITRATOR**

-against-

**Sukhmany Construction Inc.,**

Respondent
------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between the Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, effective 4/23/2010, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners that the Respondent-Employer is refusing to have its Books & Records examined by the Funds auditors for the audit period 4/23/2010 to Date, in direct contravention of the Collective Bargaining Agreement that the Respondent-Employer is signatory to.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated

1

10/12/2012, the undersigned by Notice of Hearing dated 10/18/2012, scheduled a hearing for 1/17/2013, in order to determine the dispute between the parties.

## OPINION

On 1/17/2013, at the place and time designated at the aforesaid Notice of Hearing, Charles Virginia, Esq., appeared on behalf of the Petitioners and submitted proof that the Respondent-Employer had legally sufficient notice of this proceeding and the claims against it. There being no appearance on behalf of the Respondent or any request for an adjournment or extension of time to appear, the undersigned found the Respondent to be in default and proceeded to hear the testimony and take evidence on the claims of the Petitioners.

The uncontroverted testimony and evidence established that the Respondent was bound to a Collective Bargaining Agreement with the New York City District Council of Carpenters and said Agreement became effective 4/23/2010. This Contract obligated the Respondent-Employer to make its Books & Records, for the aforesaid audit period, available for examination by Funds auditors in order to verify that all required contributions were made to each of the aforesaid Fringe Benefit Trust Funds maintained by the Petitioners.

In accordance with the procedures adopted by the Funds Trustees, as this Respondent-Employer refused to have its company's Books & Records examined by Funds auditors and continued to deny the Funds permission for an audit within seven days of the Funds written notice to the Respondent-Employer, this arbitration commenced, wherein the Funds seek to hold this Respondent-Employer liable for unpaid contributions in the estimated amount of $ 724,412.16 dollars plus interest, liquidated damages, cost of the suit, attorney fees the fee of the Arbitrator in addition to the order to comply.

The summary report of the estimated amount of $ 724,412.16 dollars was received into evidence. The Petitioners request that the monies due plus interest, liquidated damages, cost of

2

the suit, attorney fees the fee of the Arbitrator and the order to comply be imposed upon the Respondent, all as required and set forth in the underlying Collective Bargaining Agreement and Benefit Fund Trustee procedures.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Sukhmany Construction Inc. in violation of the Collective Bargaining Agreement for its failure to permit Benefit Funds auditors to examine its Books & Records for the period 4/23/2010 to Date and is also obligated to pay the estimated amount of $ 724,412.16 dollars plus interest, liquidated damages, cost of the suit, attorney fees and the fee of the Arbitrator all in accordance with the terms and provisions of the Collective Bargaining Agreement and the Benefit Fund Trustees procedures in the following amounts:

| | | |
|---|---|---:|
| Estimated Principal | $ | 724,412.16 |
| Interest | $ | 47,551.09 |
| Liquidated Damages | $ | 144,882.43 |
| Promo Fund | $ | 558.96 |
| Court Costs | $ | 350.00 |
| Attorney's Fee | $ | 1,500.00 |
| Arbitrator's Fee | $ | 500.00 |
| **TOTAL** | $ | **919,754.64** |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of Nine Hundred Nineteen Thousand Seven Hundred Fifty Four & 64/100 dollars ($ 919,754.64) which is to be paid forthwith by Sukhmany Construction Inc. with interest to accrue at the rate of 5.25% from the date of this award.

Dated: Brooklyn, New York
February 27, 2013

_____
ROGER E. MAHER, Arbitrator

3

To:    Charles Virginia, Esq.
Virginia & Ambinder, LLP
111 Broadway, Suite 1403
New York, New York 10006

Christopher Ozard
New York City District Council Carpenters Benefit Funds
395 Hudson Street
New York, New York 10014

Sukhmany Construction Inc.
95-01 134th Street
Jamaica, NY 11419
Via Regular Mail & Certified Return Receipt Requested # 70122210000240220711

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER

4